UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME SWEEZER,

    Petitioner,                                      Case No. 91-70614

v.                                                    Hon. John Corbett O'Meara

RAYMOND BOOKER,

    Defendant.

_____/

**ORDER DENYING PETITIONER'S RULE 60(b) MOTION**

        Before the court is Petitioner Jerome Sweezer's motion for relief from judgment pursuant to Rule 60(b). Sweezer was convicted in state court of two counts of second-degree murder and two counts of armed robbery. He was sentenced to life imprisonment without parole. After exhausting his state appeals, he filed a petition for writ of habeas corpus in 1991. Magistrate Judge Paul Komives recommended that the petition be denied, and the district court[1] adopted the recommendation. The decision was affirmed by the Court of Appeals for the Sixth Circuit in 1992.

        In 2008, Sweezer sought leave from the Sixth Circuit to file a second petition for a writ of habeas corpus. The court denied Sweezer's request on April 29, 2008, noting that Sweezer did not meet the requirements of presenting either newly discovered evidence or a new rule of constitutional law. Sweezer subsequently filed a Rule 60(b) motion in this court.

---

      [1] This case was originally assigned to the Honorable Horace W. Gilmore, who has since retired.

As a threshold matter, the court must determine whether Petitioner's motion is properly brought pursuant to Rule 60(b) or whether it should be construed as a second or successive § 2254 motion. See Smith v. Anderson, 402 F.3d 718, 723 (6th Cir. 2005) (noting that "§ 2244(b)(3) allocates subject matter jurisdiction to the court of appeals, rather than the district court, in the first instance, over a second or successive habeas petition").  The court should construe the motion as a habeas petition if "it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." Gonzales v. Crosby, 125 S. Ct. 2641, 2648 (2005) (applying § 2254).  On the other hand, a proper Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Id.

In the instant case, Petitioner attacks the underlying judgment on the merits.  Therefore, Petitioner's Rule 60(b) motion is properly construed as a second or successive § 2254 petition.  Petitioner has not obtained authorization pursuant to 28 U.S.C. § 2244(b)(3) to file such a motion.  Accordingly, this court lacks jurisdiction to consider it.

In the normal course, the court would transfer Petitioner's motion to the Sixth Circuit. See In re Sims, 111 F.3d 45, 47 (6th Cir. 1997).  However, the Sixth Circuit has already denied Petitioner permission to file a second habeas petition on the same grounds raised in his Rule 60(b) motion.  Therefore, the court will deny the motion.

IT IS HEREBY ORDERED that Petitioner's Rule 60(b) motion is DENIED.

          s/John Corbett O'Meara
          United States District Judge

Date: February 27, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, February 27, 2009, by electronic and/or ordinary mail.

          s/William Barkholz
          Case Manager

IT IS HEREBY ORDERED that Petitioner's Rule 60(b) motion is DENIED.

        s/John Corbett O'Meara
        United States District Judge

Date: February 27, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, February 27, 2009, by electronic and/or ordinary mail.

        s/William Barkholz
        Case Manager